IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: <u>3:20-727</u> |
| v. | |
| **KEVIN MARSH** | **PLEA AGREEMENT** |

STATE GRAND JURY OF SOUTH CAROLINA

| | |
|---|---|
| SOUTH CAROLINA | |
| v. | |
| **KEVIN MARSH** | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 24<u>th</u> day of November, 2020, between the United States of America, as represented by United States Attorney Peter McCoy and Assistant United States Attorneys Jim May, Brook Andrews, Winston Holliday, and Emily Limehouse; the State of South Carolina, as represented by Attorney General Alan Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General S. Creighton Waters, and Assistant Attorney General David Fernandez; and the Defendant, **KEVIN MARSH**, and the Defendant's attorneys, Brady Hair, Anne Tompkins, and Robert Bolchoz.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.    In United States District Court, the Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging conspiracy to commit mail and wire fraud in violation of Title 18, United States Code, Section 371.

In order to sustain its burden of proof, the United States is required to prove the following:

Count 1 (Conspiracy)

A.    the Defendant agreed with one or more persons;

B.    to commit mail and wire fraud;

C.    the Defendant did so knowingly; and

D.    an overt act in furtherance of the conspiracy was committed in the District of South Carolina.

The penalty for this offense is:

up to 5 years in prison, a fine of up to $250,000, supervised release of up to 3 years, and a special assessment of $100.

2.    In South Carolina State General Sessions Court, the Defendant agrees to plead guilty to Obtaining Property by False Pretenses, in violation of S.C. Code § 16-13-240(1).

In order to sustain its burden of proof, the State of South Carolina is required to prove the following:

Count 1 (Obtaining Property by False Pretenses)

A.    the Defendant by false pretense or representation;

B.    obtained the signature of a person to a written
instrument or obtains from another person any chattel,
money, valuable security, or other property, real or
personal;

C.    with intent to cheat and defraud a person of that
property.

The penalty for this offense is:

up to 10 years in prison and a fine of up to $500.

3.    The Defendant understands and agrees that monetary penalties
[i.e., special assessments, restitution, fines and other
payments required under the sentence] imposed by the United
States District Court are due immediately and subject to
enforcement by the United States as civil judgments, pursuant
to 18 U.S.C. § 3613.    The Defendant also understands that
payments made in accordance with installment schedules set by
the Court are minimum payments only and do not preclude the
United States from seeking to enforce the judgment against
other assets of the Defendant at any time, as provided in 18
U.S.C. §§ 3612, 3613, and 3664(m).

The Defendant further agrees to enter into the Bureau of
Prisons Inmate Financial Repayment Program if sentenced to a
term of incarceration with an unsatisfied monetary penalty.

3

The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

Similarly, the Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the South Carolina General Sessions Court are due immediately and subject to enforcement as set forth under South Carolina law.

A.   Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B.   Forfeiture and State Restitution: The Defendant, the United States, and the State of South Carolina agree that the Defendant is to forfeit and pay restitution for the proceeds of his criminal conduct as an executive officer at SCANA/SCE&G. The parties agree that: (1) this amount will be determined at the federal and state sentencings, respectively, subject to the terms of this paragraph; and (2) the amount of forfeiture does not represent the actual or intended loss amount of the conspiracy. The parties agree that the appropriate

amount of federal criminal forfeiture and/or state criminal restitution is $5,000,000. The parties further agree that the Defendant will pay $3,000,000 of this amount as determined at or before sentencing, and will pay the remaining balance in conformance with the conditions of supervised release, as directed by the United States Probation Office.

C.   Restitution Under the Federal Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A:

   i.   Customers: The parties agree that any restitution amount as related to customers should be offset by approximately $4,000,000,000 dollars of ratepayer remedial value paid by Dominion Energy, Inc. ("Dominion") and agreed to pursuant to the Executed Cooperation Agreement of December 27, 2018, attached as Exhibit A. The offset by Dominion does not affect the actual or intended loss amount attributable to the conspiracy.

   ii.  Shareholders: The parties agree pursuant to 18 U.S.C. § 3663A(c)(3)(A) and (B) that, due to the large number of identifiable investors and the complex issues of fact related to the amount of investors' losses that would complicate or prolong the sentencing process — including: timing when

5

shares were purchased and sold, the SEC civil
enforcement action, the shareholders' state and
federal law suit(s), the dividends paid to the
shareholders during the time of the conspiracy, and
the premium paid to the shareholders upon
Dominion's acquisition of SCANA — the need to
provide restitution to victims is outweighed by the
burden on the sentencing process and the Mandatory
Restitution Act should not apply as related to
shareholders' losses. The parties agree that any
loss as to relevant conduct may be applied in the
determining of the conspiracy's loss amount.

All agreements related to restitution are not binding
upon the Court.

D.    Fines: The Defendant understands that the United States
District Court may impose a fine pursuant to 18 U.S.C.
§§ 3571 and 3572, and the South Carolina General Sessions
Court may impose a fine under the respective statute as
set forth above.

4.    The Defendant understands that the obligations of the United
States and State of South Carolina within this Agreement are
expressly contingent upon the Defendant's abiding by federal
and state laws and complying with any bond executed in this
case.  In the event that the Defendant fails to comply with

6

any of the provisions of this Agreement, either express or
implied, the United States and the State of South Carolina
will have the right, at their joint election, to void all of
their obligations under this Agreement and the Defendant will
not have any right to withdraw his plea of guilty to the
offense(s) enumerated herein.

### Cooperation

5.   The Defendant agrees to be fully truthful and forthright with
     federal, state and local law enforcement agencies by
     providing full, complete and truthful information about all
     criminal activities about which he has knowledge.    The
     Defendant   must   provide   full,   complete   and   truthful
     debriefings about these unlawful activities and must fully
     disclose and provide truthful information to the United
     States and the State of South Carolina including any books,
     papers, or documents or any other items of evidentiary value
     to the investigation.    The Defendant must also testify fully
     and truthfully before any grand juries and at any trials or
     other proceedings if called upon to do so by the United States
     and the State of South Carolina, subject to prosecution for
     perjury for not testifying truthfully.    The failure of the
     Defendant to be fully truthful and forthright at any stage
     will, at the joint election of the United States and the State
     of South Carolina, cause the obligations of the United States

and the State of South Carolina within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the United States and the State of South Carolina within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

A.   the Defendant will not be permitted to withdraw his plea of guilty to the federal and state offenses described above;

B.   all additional charges known to the United States and the State of South Carolina may be filed in the appropriate federal and state courts;

C.   the United States and the State of South Carolina may argue for a maximum sentence for the federal and state offenses to which the Defendant has pleaded guilty and for the sentences to run consecutively with service of the terms in the Federal Bureau of Prisons and the South Carolina Department of Corrections, respectively; and

D.   the United States and the State of South Carolina will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all federal and state charges.

8

6.    The Defendant agrees to submit to such polygraph examinations as may be requested by the United States and the State of South Carolina and agrees that any such examinations shall be performed by a polygraph examiner selected by the United States and the State of South Carolina. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the United States and the State of South Carolina's joint satisfaction will result, at their joint discretion, in their obligations within the Agreement becoming null and void.

7.    The United States and the State of South Carolina agree that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

A.    known to the United States or the State of South Carolina prior to the date of this Agreement;

B.    concerning the existence of prior convictions and sentences;

C.    in a prosecution for perjury or giving a false statement;

9

    D.     in the event the Defendant breaches any of the terms of the Plea Agreement; or

    E.     used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court or a South Carolina General Sessions Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

8.    Provided the Defendant cooperates and otherwise complies with all the terms and conditions of this Plea Agreement, and that cooperation is deemed by the United States as providing substantial assistance in the investigation or prosecution of another person, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, and pursuant to such motion, the United States and the State of South Carolina agree to recommend a sentencing range of 18 to 36 months imprisonment (irrespective of any fines and/or forfeitures), followed by a term of supervised release. The parties agree that this sentencing range is a joint recommendation by all parties and is contingent upon the Defendant providing substantial assistance pursuant to U.S.S.G. § 5K1.1. The parties reserve the right to present arguments, including sentencing memoranda, to the Court at sentencing regarding the appropriate sentence within the

aforementioned range, including arguments for a variance within this range. The parties agree that this recommended sentencing range reflects the appropriate sentence after considering the Defendant's substantial assistance, acceptance of responsibility, the sentencing factors in 18 U.S.C. § 3553, and any and all factors that may warrant a variance. The parties further agree that this sentencing range is not binding on the Court, and if the Court declines to impose a sentence within this sentencing range, the parties will have no right to withdraw from this Agreement. If the Defendant does not comply with all the terms of this Agreement, the United States and the State of South Carolina may seek the maximum sentence allowed by law, and the Defendant will not be allowed to withdraw his/her plea.

9.  The parties understand and agree that in consideration of this Agreement, and in particular the provisions in Paragraph 10, the State of South Carolina has the right to express its position as to the Defendant's sentence within the aforementioned sentencing range in Paragraph 8, in both any sentencing memorandum filed by the United States as well as at any sentencing proceeding before the United States District Court.

### Merger and Other Provisions

10. Provided the Defendant cooperates and otherwise complies with all of the conditions of this Agreement, the undersigned parties agree that the Defendant will serve any and all terms of imprisonment imposed as a result of his conduct and plea of guilty to the offense(s) enumerated herein, absent any terms of probation and/or supervised release, concurrently in the Bureau of Prisons and will not serve any term of incarceration within the South Carolina Department of Corrections. Pursuant to South Carolina law, the parties also agree that it is a negotiated provision of the sentence and this Plea Agreement that the term of the State sentence will be identical to any federal sentence given by the United States District Court. The obligations of the United States and the State of South Carolina in this Paragraph are contingent upon the Defendant's truthful cooperation and satisfactory compliance with all terms of this Agreement, and, as set forth in Paragraphs 4 and 5, *supra*, and Defendant understands his failure to satisfactorily comply with all terms of this agreement or truthfully cooperate may result in service of a sentence in the South Carolina Department of Corrections.

11. The parties agree that if the Defendant is in compliance with the terms of this Agreement, he will not be sentenced in

either federal or state court until the investigation and
prosecution in the criminal acts that occurred in relation to
V.C. Summer Units 2 and 3 are complete. The determination of
the completion of the investigation and prosecution is made
at the United States' and the State of South Carolina's joint
determination.

12.    The Defendant represents to the Court that he has met with
his attorneys on a sufficient number of occasions and for a
sufficient period of time to discuss the Defendant's case and
receive advice; that the Defendant has been truthful with his
attorneys and related all information of which the Defendant
is aware pertaining to the case; that the Defendant and his
attorneys have discussed possible defenses, if any, to the
charges in the Information including the existence of any
exculpatory or favorable evidence or witnesses, discussed the
Defendant's right to a public trial by jury or by the Court,
the right to the assistance of counsel throughout the
proceedings, the right to call witnesses in the Defendant's
behalf and compel their attendance at trial by subpoena, the
right to confront and cross-examine the United States and the
State of South Carolina's witnesses, the Defendant's right to
testify in his own behalf, or to remain silent and have no
adverse inferences drawn from his silence; and that the
Defendant, with the advice of counsel, has weighed the

13

relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

13. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence.  Acknowledging those rights, the Defendant, in exchange for the concessions made by the United States and the State of South Carolina in this Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's conviction or sentence.  This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nor does it limit the United States in its comments in or responses to any post-sentencing matters.

14. The Defendant agrees that as a part of the consideration for this plea he will not appeal his plea of guilty or any sentence he receives in General Sessions Court in South Carolina.  The Defendant acknowledges that he understands

14

that he has a right of direct appeal of his guilty plea or sentence and that he knowingly, voluntarily and expressly waives this right of direct appeal. Additionally, the Defendant understands that he has a right to file a state post-conviction relief (PCR) action but agrees to knowingly and voluntarily waive any post-conviction relief action except for claims that directly attack the effectiveness of advice to agree to this waiver, prosecutorial misconduct, or future changes in the law affecting the Defendant's conviction or sentence. This does not limit the State of South Carolina's comments in or responses to any post-sentencing matters, nor does it limit the State of South Carolina's right to appeal any aspect of the case in state court where appropriate under state law.

15.  The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States or the State of South Carolina any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552; the Privacy Act of 1974, 5 U.S.C. § 552a; or S.C. Code § 30-4-10 et seq.

16.  The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement

supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to both courts having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.


11/23/2020
DATE

KEVIN MARSH, DEFENDANT


11/23/2020
DATE

BRADY HAIR
ATTORNEY FOR THE DEFENDANT


11/23/2020
DATE

ANNE TOMPKINS
ATTORNEY FOR THE DEFENDANT


11/24/2020
DATE

ROBERT BOLCHOZ
ATTORNEY FOR THE DEFENDANT

PETER M. MCCOY, JR.
UNITED STATES ATTORNEY


11-23-2020
DATE

JIM MAY (#11355), BROOK ANDREWS,
WINSTON HOLLIDAY, EMILY LIMEHOUSE
ASSISTANT UNITED STATES ATTORNEYS


ALAN M. WILSON
SOUTH CAROLINA ATTORNEY GENERAL


Nov. 23, 2020
DATE

DONALD J. ZELENKA, S. CREIGHTON WATERS
DAVID FERNANDEZ
ATTORNEYS FOR STATE OF SOUTH CAROLINA

17

## U.S. DEPARTMENT OF JUSTICE
### Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | |
| DEFENDANT'S NAME: | KEVIN MARSH |
| PAY THIS AMOUNT: | $100.00 |
| PAYMENT DUE ON OR BEFORE: | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**

OR HAND DELIVERED TO:
**Clerk's Office**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**  (Mon. - Fri. 8:30 a.m.- 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* ***(Do Not send cash)***

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*