## COOPERATION AGREEMENT

1. This Cooperation Agreement (the "Agreement"), dated December 27, 2018, is entered into by the United States Attorney's Office for the District of South Carolina (the "Office"), the South Carolina Attorney General ("the SCAG") and Dominion Energy, Inc. ("Dominion"). This Agreement arises from the ongoing criminal investigation conducted by the Office and the SCAG of the New Nuclear Development ("NND") project of SCANA Corp. ("SCANA"), and the conduct of employees of SCANA and its subsidiary, South Carolina Electric and Gas Company ("SCE&G"), its affiliates, and others, regarding potential violations of federal criminal law in relation to the NND project.

2. This Agreement is binding on Dominion, and is binding on the Office and the SCAG. This Agreement does not provide any protection against criminal prosecution of or the initiation of civil proceedings against any individuals, including any individual who is or was at any time an officer, employee, director, shareholder, agent, or consultant of SCANA or its affiliates. Dominion, the Office, and the SCAG have entered into this Agreement in contemplation of Dominion's planned acquisition of SCANA. If Dominion does not acquire SCANA by July 1, 2019, this Agreement is void.

3. The Office and the SCAG enter into this Agreement based, in part, on the following factors: (a) Dominion's potential acquisition of SCANA; (b) Dominion's commitment herein to full and extensive cooperation with the Office and the SCAG; (c) Dominion's extensive remedial efforts, as detailed below; (d) principles of successor liability; and (e) principles of individual accountability for corporate wrong-doing.

4. As part of its proposed acquisition of SCANA, Dominion has committed to make extensive remedial efforts to redress ratepayers, such as are included in its proposal to the Public Service Commission. The parties agree that the appropriate amount of ratepayer remedial value to be paid by Dominion and/or SCANA/SCE&G (in the event the merger occurs) as determined by the Public Service Commission will be treated by the Office and the SCAG as restitution paid to victims, and the value of ratepayer remediation to be paid by Dominion is presently estimated to be approximately $4 billion. This agreement does not affect what restitution may be assessed by the Office, the SCAG, or any state or federal court against any individual persons. If Dominion commits a material breach of this agreement and the Office and/or the SCAG exercise certain remedies as reflected in paragraphs 7 and 8 below, Dominion will receive a credit against any restitution amount ultimately assessed by the Office, the SCAG, or any state or federal court for the value it has or will provide to ratepayers pursuant to the Public Service Commission's determination; this does not limit fines that may be assessed if Dominion breaches this agreement.

5. Until the conclusion of all investigations and prosecutions conducted by the Office and/or the SCAG against any individuals that arise out of the conduct described in this Agreement, Dominion shall, commencing on the date of its acquisition of SCANA: (a) cooperate fully with the Office, the Federal Bureau of Investigation, the SCAG, the South Carolina Law Enforcement Division ("SLED"), and any other prosecutorial and law enforcement agency designated by the Office and/or the SCAG; (b) conduct its own independent review related to the NND project

involving the attempted construction and later abandonment of the VC Summer nuclear reactors, and bring to the attention of the Office and the SCAG all conduct by employees of SCANA and SCE&G that is related to the conduct described in this Agreement, relevant to the respective investigations of the Office and the SCAG, and brought to the attention of Dominion; (c) preserve until further notice from both the Office and the SCAG any documents, records, emails, communications, recordings, digital files, and any and all records or evidence related to the NND project involving the attempted construction and later abandonment of the VC Summer nuclear reactors, and (d) provide the Office and the SCAG, upon request, all non-privileged information, documents, records, or other tangible evidence about which the Office or the SCAG or any law enforcement agency designated by the Office or the SCAG inquires in connection with any investigation or matter related to the conduct described in this Agreement. Nothing in this Agreement shall be construed as a waiver by Dominion of the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection with respect to documents or records requested by the Office or the SCAG. Dominion recognizes that SCANA and/or SCE&G may have knowingly and voluntarily waived or not asserted an applicable attorney-client privilege, claim of attorney work-product doctrine, or any other applicable privilege or protection with respect to documents or records requested by the Office or the SCAG prior to the date of this Agreement; Dominion agrees that these prior waivers or non-assertions will not be rescinded. To the extent that privilege issues arise in the course of Dominion's cooperation as detailed in this Agreement, Dominion will consider whether an applicable privilege or protection applies under law, including consideration of whether an exception to an otherwise applicable privilege or protection applies and should be waived or not asserted in order to achieve the stated goals of this agreement. Dominion retains the discretion to waive or not assert an applicable privilege or protection in the course of its cooperation.

6. In consideration for Dominion's entering into this Agreement and its commitment to perform the duties and obligations set forth herein, and subject to paragraph 2, which allows for the prosecution of individuals, the Office and the SCAG agree not to criminally prosecute or bring any civil action against Dominion or any of its current, previous, or future direct or indirect subsidiaries, including but not limited to SCANA or SCE&G post-acquisition by Dominion, related to: (a) any conduct undertaken by directors, officers, employees, agents, or contractors of SCANA or its affiliates, including SCE&G, on or before the date of the execution of this Agreement, related to the NND project involving the attempted construction and later abandonment of the VC Summer nuclear reactors; and (b) any conduct undertaken by directors, officers, employees, agents, or contractors of SCANA or its affiliates, including SCE&G, on or before the date of this Agreement, that Dominion discovers during its continuing investigation, so long as Dominion promptly discloses information about such conduct to the Office and the SCAG.

7. The parties agree that if the Office and/or the SCAG determines that Dominion has materially violated any provision of this Agreement, during the three-year period set to begin on the date of the merger between Dominion and SCANA, SCANA and SCE&G shall thereafter be subject to prosecution for any violation of which the Office and/or the SCAG has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the execution of this Agreement may be commenced against SCANA or SCE&G. In addition, Dominion agrees to toll, and to exclude

from any calculation of time, the running of the statute of limitations for any conduct that is the subject of this Agreement for a three-year period commencing on the date of the execution of this Agreement.

8. The parties agree that if, in the three-year period commencing on the date of the execution of this Agreement, the Office and/or the SCAG determine that Dominion has materially violated any provision of this Agreement, the Office and/or the SCAG shall provide written notice to Dominion of that determination and provide Dominion with a 30-day period following such notice within which Dominion may (a) attempt to cure the violation, and/or (b) make a presentation to the Office and/or the SCAG to demonstrate that no violation occurred, or, if applicable, that any violation should not result in the exercise of certain remedies. Thereafter, the Office and/or the SCAG shall provide written notice to Dominion of its final determination regarding whether Dominion has materially violated any provision of this Agreement. The parties agree that the Office's final determination will not be subject to review in any judicial proceeding, but the Office's determination may be subject to review within the Department of Justice.

9. The parties agree that if, in the three-year period following the date of the execution of this Agreement, the Office and/or the SCAG determine that Dominion has materially violated any provision of this Agreement, (i) all statements made by Dominion, or its subsidiaries, to the Office, the SCAG, or other designated law enforcement agents, and any testimony given by Dominion, or its subsidiaries, before any grand jury or other tribunal, whether prior or subsequent to the execution of this Agreement, and any leads from such statements or testimony, shall be admissible in evidence in any criminal proceeding brought against Dominion and/or Dominion's subsidiaries; and (ii) Dominion and its subsidiaries shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 410 of the South Carolina Rules of Evidence, or any other state or federal rule that such statements or any leads therefrom should be suppressed or otherwise excluded from evidence. By signing this Agreement, Dominion knowingly and voluntarily waives all rights in the foregoing respects.

10. Nothing in this Agreement and no action taken by Dominion, any of its affiliates, or any individual pursuant to this Agreement will be deemed to constitute any admission by Dominion, any of its affiliates, or any individual of civil liability under any local, state, or federal statute or any principle of common law.

11. The parties agree that exclusive jurisdiction and venue for any federal proceeding is in the United States District Court for the District of South Carolina. The parties agree that exclusive jurisdiction and venue for any state proceeding is with the Presiding Judge of the State Grand Jury of South Carolina.

12. The parties agree that this Agreement may be disclosed to the public.

13. From the date of the execution of this Agreement forward, this Agreement supersedes all prior, if any, understandings, agreements, promises, and/or conditions between the parties hereto. No additional understandings, agreements, promises, or conditions have been entered into other

than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

14. The undersigned representative of Dominion warrants and represents to the Office and the SCAG that he possesses the authority to enter into this Agreement.

ON BEHALF OF THE UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF SOUTH CAROLINA:

_Sherri A. Lydon_     _12/28/18_
Sherri A. Lydon     DATE
United States Attorney

_Jim May_     _12/28/18_
Jim May     DATE
Assistant United States Attorney

ON BEHALF OF THE SOUTH CAROLINA ATTORNEY GENERAL:

_Alan Wilson_     _12/28/18_
Alan Wilson
Attorney General of South Carolina     DATE

ON BEHALF OF DOMINION ENERGY, INC.:

_[signature]_     _12/28/18_
Carlos M. Brown     DATE
Vice President and General Counsel
Dominion Energy, Inc.

4