IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 3:20-cr-00727-MGL-1 |
| ) | |
| v. ) | |
| ) | |
| KEVIN MARSH ) | |

## PRELIMINARY ORDER OF FORFEITURE AS TO KEVIN MARSH

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Kevin Marsh ("Marsh", "Defendant"), based upon the following:

1. On November 24, 2020, an Information was filed charging Marsh with conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1343.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Information contained a forfeiture allegation providing that upon Marsh's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

Proceeds/Money Judgment[1]:

A sum of money equal to five million dollars the defendant, KEVIN MARSH, obtained, directly or indirectly, from the offenses charged in Count 1 of the Information.

---

[1] The Defendant has agreed to pay the state of South Carolina $5,000,000.00, and upon proof of payment, the government will not enforce the collection of a money judgment ordered by the court.

3. On February 24, 2021, Marsh pled guilty to the conspiracy to commit mail fraud and wire fraud charge and pursuant to a written plea agreement, agreed to forfeiture.

4. On October 7, 2021, Marsh was sentenced to 24 months of imprisonment.

5. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Kevin Marsh, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Marsh and in favor of the United States for $5,000,000.00 in United States currency, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to

commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

October 12, 2021  
Columbia, South Carolina